UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE ANTONIO HERNANDEZ FITORIA,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-4855-TLN-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner Leslie Antonio Hernandez Fitoria is a legal permanent resident who was detained by ICE following the service of a state prison sentence. He has been in immigration custody since December 2025. Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his prolonged detention without a bond hearing violates the Fifth Amendment. For the reasons stated below, I recommend that the petition be granted and that a bond hearing be provided.

**Background**

Petitioner was admitted to the United States as a lawful permanent resident in 2010. ECF No. 8-1 at 3. In February 2023, petitioner was convicted of robbery and two counts of assault with a firearm. ECF No. 8-2 at 6. ICE took custody of petitioner upon his release from state prison on December 23, 2025. ECF No. 1 at 6. Petitioner was placed in removal proceedings and

has not been afforded a bond hearing since his detention. ECF No. 8 at 2.

**Procedural History**

On June 24, 2026, petitioner filed a pro se petition for writ of habeas corpus.[1] ECF No. 1. On June 30, 2026, respondent filed a motion to dismiss the petition. ECF No. 8. Although I ordered that petitioner must file an opposition or statement of non-opposition within seven days of service of respondent's motion, petitioner has not filed a response. *See* ECF No. 7 at 2. However, it bears mention that petitioner is representing himself while in custody. Under these circumstances, I do not construe petitioner's failure to file an opposition as a non-opposition to respondent's motion.[2] *See* E.D. Cal. L.R. 230(c).

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

---

[1] Petitioner concurrently filed a motion for the appointment of counsel. ECF No. 3. There currently exists no absolute right to counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case if "the interests of justice so require." *See* Rule 8(c), Fed. R. Governing § 2254 Cases. I do not find that the interests of justice require the appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied.

[2] Petitioner has filed a motion for expedited consideration of his petition. ECF No. 10. In light of this order, petitioner's motion is denied as moot.

**Analysis**

Petitioner claims that his prolonged detention without a bond hearing violates due process.[3] ECF No. 1 at 16-17. In analyzing petitioner's challenge to his detention, the court must first identify the statutory provision that confers authority for his detention. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008); *Solorzano-Ramirez v. Warden*, No. 1:26-cv-2540-DC-CSK, 2026 WL 1257256, at *2 (E.D. Cal. May 7, 2026). Respondent argues that petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(B) because he has been convicted of aggravated felonies. ECF No. 8 at 3.

Petitioner does not challenge the statutory ground for his detention.[4] The Court of Appeals has held that robbery and assault with a firearm in California each qualify as an aggravated felony. *See United States v. Martinez-Hernandez*, 932 F.3d 1198, 1202 (9th Cir. 2019) (holding that a conviction for robbery under California Penal Code section 211 is an aggravated felony for immigration purposes); *United States v. Heron-Salinas*, 566 F.3d 898, 899 (9th Cir. 2009) (holding that a conviction for assault with a firearm under California Penal Code section 245(a)(2) is an aggravated felony for immigration purposes). Any noncitizen convicted of an aggravated felony is deportable and, consequently, subject to mandatory detention prior to the entry of a final removal order. *See* 8 U.S.C. §§ 1226(c)(1)(B), 1227(a)(2)(a)(iii). Accordingly, because petitioner has been convicted of robbery and assault with a firearm, he is subject to mandatory detention under section 1226(c) and "therefore is not statutorily entitled to a bond hearing." *See Avilez v. Garland*, 69 F.4th 525, 527, 529 (9th Cir. 2023); 8 U.S.C. § 1226(c)(1);

---

[3] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

[4] Petitioner indicates that he has applied for conviction relief on the grounds of ineffective assistance of counsel. ECF No. 1 at 6. Petitioner does not state that he has received any such relief. As such, the court must treat his 2023 convictions as valid. *See Ballinas-Lucero v. Garland*, 44 F.4th 1169, 1171-72 (9th Cir. 2022) (holding that "an applicant for cancellation of removal bears the burden of proving that a state-court conviction was vacated because of a substantive or procedural defect in the criminal proceedings, and not solely for immigration purposes or for rehabilitative or equitable reasons").

*Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).

This does not end the inquiry, however, because petitioner claims that his prolonged detention under section 1226(c) violates due process. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693; *see also Mathews v. Diaz*, 426 U.S. 67, 77 (1976) ("Even one whose presence in this country is unlawful, involuntary, or transitory is entitled to [the Fifth Amendment's] constitutional protection."); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1164 (S.D. Cal. 2025). "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." *Tinoco v. Noem*, No. 1:25-cv-1762-DC-JDP, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing *Zadvydas*, 533 U.S. at 690).

While the Supreme Court has rejected a facial challenge to mandatory detention under section 1226(c) in *Demore v. Kim*, 538 U.S. 510 (2003), an as-applied challenge is not foreclosed. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." *Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025). "[T]he First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [that section].'" *Id.* at *5 (quoting *Reid v. Donelan*, 17 F.4th 1, 7 (1st Cir. 2021); *see also Black v. Decker*, 103 F.4th 133, 138 (2d Cir. 2024); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after *Demore* and *Jennings*, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable).

"[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some

point—violate the right to due process.'" *Martinez v. Clark*, No. 2:18-cv-1669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); *see also Loba L.M.*, 2025 WL 2939178, at *5; *Solorzano-Ramirez*, 2026 WL 1257256, at *2; *Keo v. Chestnut*, No. 1:26-cv-1192-DJC-CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026). As noted in *Rakeshkumar H.P. v. Warden*, No. 1:26-cv-2869-MWJS, 2026 WL 1146201, at *1 (E.D. Cal. Apr. 28, 2026), "Judges have reached different conclusions about what standards ought to govern constitutional challenges of [this] sort." *See also Keo*, 2025 WL 1029392, at *5 (collecting cases).

Petitioner argues for a bright line six-month standard that is not supported by controlling precedent. *See* ECF No. 1 at 8. After *Demore*, the Court of Appeals held that mandatory detention under section 1226(c) has an implicit six-month limit, at which time the government must justify continued detention by clear and convincing evidence at a bond hearing. *Rodriguez v. Robbins*, 804 F.3d 1060, 1078-81 (9th Cir. 2015). But the Supreme Court reversed, finding that this statutory provision cannot reasonably be read to limit detention to six months. *Jennings v. Rodriguez*, 583 U.S. 281, 303-306 (2018). As the Court of Appeals noted on remand, however, the Supreme Court "declined to reach the constitutional question" and "instead chose to answer only the question whether the statutory text itself included a limit on prolonged detention or a requirement of individual bond hearings." *Rodriguez v. Marin*, 909 F.3d 252, 255 (9th Cir. 2018). "Since the *Rodriguez* remand, there has been a dearth of guidance regarding the point at which an individual's continued mandatory detention under Section 1226(c) becomes unconstitutional." *Lopez v. Garland*, 631 F. Supp. 3d 870, 876 (E.D. Cal. 2022) (internal quotation marks and citation omitted).

Because neither the Court of Appeals nor the Supreme Court have provided guidance explaining when a noncitizen's mandatory detention under section 1226(c) becomes unconstitutional, courts in this Circuit have used varied tests to determine whether due process requires a bond hearing. The three main tests are: (1) the general due process assessment under *Mathews v. Eldridge*, 424 U.S. 319 (1976); (2) the test announced in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019); and (3) the test announced in *Lopez*, 631 F. Supp. 3d at

879, where the court determined whether prolonged mandatory detention under section 1226(c) violates the Due Process Clause by considering three factors: "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government."[5]

Petitioner does not address the various tests and instead defaults to an assessment under *Mathews*. *See* ECF No. 1 at 10-11. In the absence of binding authority instructing the court which test to employ, I analyze petitioner's claim under the *Lopez* test because that case also dealt with statutorily mandatory detention.[6] Moreover, "[w]hile the *Mathews* factors may be well-suited to determining whether due process requires a second bond hearing, they are not particularly probative of whether prolonged mandatory detention has become unreasonable in a particular case." *Banda*, 385 F. Supp. 3d at 1118. Similarly, the two factors employed in *Banda* but not *Lopez*—the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal—"are not particularly suited to assisting the Court in determining whether detention has become unreasonable and due process requires a bond hearing." *Lopez*, 631 F. Supp. 3d at 879. Accordingly, petitioner's claim is analyzed under the

---

[5] The *Lopez* test utilizes three factors from the *Banda* test. *Lopez*, 631 F. Supp. 3d at 877-79. In *Banda*, to determine whether prolonged mandatory detention under section 1225(b) violates the Due Process Clause, the court also considered "the conditions of detention" and "the likelihood that the removal proceedings will result in a final order of removal." *Banda*, 385 F. Supp. 3d at 1118 (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858-59 (D. Minn. 2019)).

[6] If I analyzed petitioner's claim under *Mathews*, I would conclude that he is entitled to relief. As an LPR, *see* ECF No. 8-1 at 3, petitioner has a significant private interest that is affected by detention. *See Burton v. Larose*, No. 3:26-cv-2627-JES-BJW, 2026 WL 1256875, at *2-3 (S.D. Cal. May 7, 2026); *B.R. v. Warden*, No. 1:26-cv-0810-TLN-CSK, 2026 WL 1091489, at *2 (E.D. Cal. Apr. 22, 2026); *Amezcua v. Noem*, No. 5:26-cv-1070-SRM-AGR, 2026 WL 1048212, at *6 (C.D. Cal. Mar. 25, 2026); *Galvan Maldonado v. Andrews*, No. 1:26-cv-1451-DJC-JDP, 2026 WL 1864622 (E.D. Cal. June 29, 2026). Further, absent a bond hearing in front of a neutral arbiter, the risk of erroneous deprivation is high given the possibility that petitioner's detention will not be pursuant to a valid state interest. *See Omer G.G. v. Kaiser*, No. 1:25-cv-1471-KES-SAB, 2025 WL 3254999, at *7 (E.D. Cal. Nov. 22, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community.") (quoting *Zadvydas*, 533 U.S. at 690). Accordingly, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *See A.E. v. Andrews*, No. 1:25-cv-0107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025), *report and recommendation adopted*, 2025 WL 1808676 (E.D. Cal. July 1, 2025). Finally, the government's interest in withholding a bond hearing is relatively low.

three factors articulated in *Lopez*: (1) the total length of detention to date; (2) the likely duration of future detention; and (3) the delays in proceedings caused by petitioner and the government. I consider each factor in turn.

**I. Total Length of Detention**

The first factor is the length of detention, "which is the most important factor." *Banda*, 385 F. Supp. 3d at 1118. "It is important to bear in mind the context: The detention that is being examined here is the detention of a human being who has never been found to pose a danger to the community or to be likely to flee if released." *Id.* (quoting *Jamal A.*, 358 F. Supp. 3d at 859).

Petitioner has been detained for ten months. Courts in this Circuit have found that detention of this length weighs in favor of relief. *See Rodriguez Caneo v. Warden*, No. 1:26-cv-5639-EJD, 2026 WL 3079304, at *3 (E.D. Cal. Oct. 14, 2026) (ten months)*; Basden v. Warden,* No. 1:25-cv-0123-KES-EGC, 2026 WL 2453613, at *4 (E.D. Cal. Aug. 21, 2026) (ten months); *Ramon v. Blanche*, No. 26-cv-2849-CFE, 2026 WL 1836006, at *2 (C.D. Cal. June 17, 2026) (seven months); *Lopez v. Warden of California City Det. Facility*, No. 1:26-cv-1525-CSK, 2026 WL 834573, at *3 (E.D. Cal. Mar. 26, 2026) (ten months); *Estrada Sanchez v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-1964-KES-SKO, 2026 WL 764693, at *3 (E.D. Cal. Mar. 18, 2026), *report and recommendation adopted*, 2026 WL 913001 (E.D. Cal. Apr. 2, 2026) (ten months); *Haidari v. ICE.*, No. 2:26-cv-0039-TL, 2026 WL 764689, at *3 (W.D. Wash. Mar. 18, 2026) (six months); *Singh v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-1632-SKO, 2026 WL 181553, at *4 (E.D. Cal. Jan. 23, 2026) (ten months); *Amando v. DOJ*, No. 25-cv-2687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (seven months); *Gurung v. Larose*, No. 26-cv-0920-LL-MSB, 2026 WL 776841, at *4 (S.D. Cal. Mar. 19, 2026) (eight months).

As petitioner has been detained for ten months without a bond hearing, this factor weighs in his favor.

### II. Likely Duration of Future Detention

The court must next determine "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings—including administrative and judicial appeals." *Banda*, 385 F. Supp. 3d at 1119 (cleaned up). Petitioner remains in immigration proceedings. Courts have found that the possibility of an appeal warrants weighing this factor in the petitioner's favor. *See, e.g.*, *Arido-Sorro v. Garland*, No. 23-cv-0842-PHX-JAT, 2024 WL 4393264, at *4 (D. Ariz. Sept. 5, 2024), *report and recommendation adopted*, 2024 WL 4834413 ("Courts have recognized that the possibility of prolonged appeals weighs in favor of finding that continued detention without a bond hearing violates due process."); *Arido-Sorro v. Garland*, No. 23-cv-0842-PHX-JAT, 2024 WL 4393264, at *4 (D. Ariz. Sept. 5, 2024), *report and recommendation adopted*, 2024 WL 4834413 (D. Ariz. Nov. 20, 2024) ("Courts have recognized that the possibility of prolonged appeals weighs in favor of finding that continued detention without a bond hearing violates due process."); *Loba L.M. v. Andrews*, No. 1:25-cv-0611-JLT-SAB-HC, 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025) (finding that "[a]lthough future events are difficult to predict, the Court nevertheless finds that the pending appeal before the BIA and possible remand to the immigration court for further proceedings or possible judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner"); *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-cv-1807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026) (finding this factor weighed in favor of the petitioner who had appealed the Immigration Judge's decision to the BIA).

BIA appeals may take a substantial period. "Courts have found that pending administrative and possible Ninth Circuit appeals can be 'sufficiently lengthy' such that it favors Petitioner's ability to be heard." *Kaur v. Lyons*, No. 26-cv-0217-PHX-KML, 2026 WL 967846, at *5 (D. Ariz. Mar. 24, 2026), *report and recommendation adopted*, 2026 WL 963792 (D. Ariz. Apr. 9, 2026); *see also Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-0098-SAB, 2025 WL 2099343, at *7 (E.D. Cal. July 25, 2025) (citing *German Santos v. Warden*,

965 F.3d 203, 211 (3d Cir. 2020)); *Arechiga v. Archambeault*, No. 2:23-cv-0600-CDS-VCF, 2023 WL 5207589, at *4 (D. Nev. Aug. 11, 2023) ("It is anyone's guess how long it will take the BIA to reconsider [the] petition . . . or how long subsequent appeals of that decision might take.").

The fact that petitioner remains in immigration proceedings is also instructive because he faces the potential for appeals in the BIA and the Court of Appeals. *See Banda*, 385 F. Supp. 3d at 1119 ("If the BIA affirms, petitioner will have the opportunity to seek review in the Ninth Circuit. This process may take up to two years or longer."). Accordingly, the potential length of detention weighs strongly in favor of petitioner.

**III. Delays in Proceedings Caused by Petitioner and the Government**

Lastly, the court must consider the nature and extent of delays caused by petitioner and the government. As neither party appears to be responsible for the time taken by the immigration case, I find that this factor is neutral.

On balance, the total length of detention, which is the "the most important factor," *see Banda*, 385 F. Supp. 3d at 1118, and the likelihood of significant future delay both weigh in petitioner's favor. Accordingly, a weighing of the *Lopez* factors supports a finding that petitioner's ten-month detention without a bond hearing has violated his Fifth Amendment Due Process rights.

Given this finding, I recommend that a constitutionally compliant bond hearing be ordered.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Petitioner's motion to appoint counsel, ECF No. 3, is DENIED.
2. Petitioner's motion for expedited consideration, ECF No. 10, is DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.
2. Respondent's motion to dismiss, ECF No. 8, be DENIED.
3. Within seven days of this order, petitioner (A-Number: 061-303-212) be provided a

constitutionally sufficient bond hearing before a neutral adjudicator. Within 24 hours of the filing of the court's order, respondent shall personally serve petitioner with the court's order and file proof of such service on the docket. At this hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have counsel present.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 10, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE