UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE ANTONIO H.F.,[1]<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-4855-TLN-JDP<br>A# 061-303-212<br>**ORDER** |

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 10, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (ECF No. 11.) Neither party has filed objections to the findings and recommendations.

The Court presumes that any findings of fact are correct. *See Orand v. United States*, 602

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court[.]"). Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed November 10, 2026 (ECF No. 11) are ADOPTED in full.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3. Respondents' motion to dismiss (ECF No. 8) is DENIED.

4. Respondents are ENJOINED from continuing to detain Petitioner, while subject to 8 U.S.C. § 1226, for more than **fourteen (14) days** from the date of this Order (unless Petitioner seeks additional time to prepare) without a bond hearing before a neutral factfinder at which the government bears the burden to establish by clear and convincing evidence that Petitioner's ongoing detention is justified due to danger to the public or flight risk. The factfinder must consider Petitioner's financial circumstances for bond and alternative conditions of release. At any such hearing, Petitioner shall be allowed to have counsel present. Respondents shall provide at least **seven (7) days' notice** of the hearing to Petitioner and any immigration counsel of record for Petitioner. If Petitioner seeks additional time to prepare, such request shall be treated as a continuance and a new hearing date shall be set (the request for more time shall not be treated as withdrawal, unless explicitly stated by Petitioner). If the government fails to meet its burden at the hearing, Respondents must immediately release Petitioner. Respondents may impose any restrictions or conditions determined to be necessary by the factfinder at the hearing.

5. Within **two (2) court days** from the date of the bond hearing, Respondents must file a **notice of compliance** with this provision of the Court's Order confirming that the hearing occurred, the date of the hearing, the outcome of the hearing, and Petitioner's custody status.

6. If Petitioner is released, Respondents are further ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226, absent changed circumstances and compliance with

constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. At any such hearing, Petitioner shall be allowed to have counsel present. In the event Petitioner becomes subject to a final and executable order of removal, Respondents shall provide a minimum of ten-days' written notice of their intent to detain Petitioner for removal prior to detention. Such notice shall not be issued until the removal order becomes final and executable in accordance with 8 U.S.C. § 1231 and 8 C.F.R. § 1241.1.

7. Any further challenges related to Petitioner's current detention should be filed in this case, using the aforementioned case number (Case No. 1:26-cv-4855-TLN-JDP).

8. The Clerk of Court is directed to enter judgment accordingly and close this case.

IT IS SO ORDERED.

DATE: November 23, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE